# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OSCAR OBED B. C.,

        Petitioner,

v.

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security, Department of Homeland Security, in her official capacity*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement, in his official capacity*; DAVID EASTERWOOD, *Director, St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity*; SAMUEL J. OLSON, *Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, in his official capacity*.

        Respondents.

Case No. 26-cv-754 (LMP/SGE)

**ORDER GRANTING HABEAS PETITION**

---

Evangeline Surya Ester Dhawan-Maloney, **Robichaud, Schroepfer & Correia, PA, Minneapolis, MN**, for Petitioner.

Friedrich A. P. Siekert, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Oscar Obed B. C. is a citizen of Honduras who entered the United States as an unaccompanied minor on September 26, 2022. ECF No. 1 ¶ 1. He was eventually released to the custody of his older sister, and he has since applied for Special Immigrant Juvenile Status with United States Citizenship and Immigration Services. *Id.* ¶¶ 1–2.

On January 27, 2026, Oscar Obed B. C. was arrested by immigration officials, and he remains in the custody of United States Immigration and Customs Enforcement. *Id.* ¶¶ 3, 5. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* ¶¶ 6–7. Oscar Obed B. C. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.* ¶ 10.

Oscar Obed B. C. accordingly petitioned for a writ of habeas corpus, contending that he falls within a class of noncitizens eligible for bond under 8 U.S.C. § 1226(a). *See generally* ECF No. 1. The Court ordered the Government to answer the petition no later than January 30, 2026. ECF No. 3. The Government timely responded, conceding that "this petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided," but arguing that Oscar Obed B. C. is nevertheless subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 6; *see Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (B.I.A. 2025).

As the Government acknowledges, this Court has already ruled that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are eligible for bond under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). The Government candidly admits that there is no material distinction between this case and those cases. ECF No. 6 at 1. Accordingly, the Court adopts the same

2

reasoning here and concludes that Oscar Obed B. C. is entitled to a bond hearing under Section 1226(a).[1]

**ORDER**

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Oscar Obed B. C.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

    a. The Court **DECLARES** that Oscar Obed B. C. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

    b. The Government is **ORDERED** to provide Oscar Obed B. C. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his release no later than February 9, 2026.

    c. If the Government does not provide Oscar Obed B. C. with a bond redetermination hearing by February 9, 2026, as required by this Order, the Government is **ORDERED** to release Oscar Obed B. C. from detention immediately.

---

[1] The Court allowed Oscar Obed B. C. to file a reply brief no later than February 2, 2026. ECF No. 3. But the Government's response plainly demonstrates that Oscar Obed B. C. is entitled to relief. Finding no just cause for delay, the Court enters this Order now.

d. No later than February 10, 2026, the Government is **ORDERED** to provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Oscar Obed B. C.'s release.[2]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 2, 2026                    _s/Laura M. Provinzino_
                                           Laura M. Provinzino
                                           United States District Judge

---

[2]    Oscar Obed B. C. sought several other forms of relief in his habeas petition. To the extent that Oscar Obed B. C. seeks immediate release from custody, ECF No. 1 at 16, that request is denied. _See Roberto M. F._, 2025 WL 3524455, at *5. And the Court need not adjudicate Oscar Obed B. C.'s APA and constitutional claims, ECF No. 1 ¶¶ 48–52, 56–59, given that the Court has ruled for him on his statutory claim. _See United States v. Turechek_, 138 F.3d 1226, 1229 (8th Cir. 1998).